Carey & Co. *vs.* Price, Hine & Tupper.

This is not the law of Louisiana, which we are charged to administer.

Art. 2299 C.C. (old No.) declares that the employer's " responsibility only attaches when they might have prevented the act which caused the damages, and have not done it," which in our opinion is a rule in consonance with equity and reason. At all events it is the law of Louisiana.

*Rehearing refused.*

## No. 5120.

## R. CAREY & CO. VS. PRICE, HINE, & TUPPER.

The doctrine that any participation in the profits of a business, of itself and by operation of law, constitutes a partnership, and makes every participator liable to third persons, is now overthrown.

When a partnership is created by operation of law, consequent upon a stipulation of participation in profits, it does not necessarily follow that the partners are unqualifiedly bound in the same manner and to the same extent as ordinary commercial partners.

The laws and usages of commerce, to which our tribunals refer in interpreting commercial contracts, are those sanctioned by the law merchant of the United States as explained and adjudicated by the Supreme Court.

The rule that actual partnership, as between a creditor and a dormant partner, is considered by the law to subsist when there has been a participation in the profits, has no application to a case of service or special agency where the agent has no power as a partner in the firm and no interest in the profits as property, but is simply employed as a servant or special agent, and is to receive a given sum out of the profits, or a proportion of the profits, as a compensation for his services.

A community of profits is the criterion by which to determine the contract of partnership, but to render a party liable as a partner, he must share as principal, and not as mere agent, factor, or servant. A community of interest is the basis of partnership but every community of interest does not necessarily constitute the relation of partnership.

Participation in the profits will ordinarily establish the existence of a partnership between the participators in favor of third persons, in the absence of all other opposing circumstances, but does not necessarily produce that effect. The fact that there is participation is presumptive proof of partnership, but like all presumptions is liable to be overcome by opposing circumstances.

MANNING, C. J., applied the decision in Chaffraix *v.* Price, 29 La. Ann. 185.